# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-02488 MMM (JTLx) | Date | May 19, 2008 |
|---|---|---|---|

| Title | *Barton, Klugman & Oetting LLP v. Gateway Management Services, Ltd.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     Order to Show Cause Why Action Should Not be Remanded For Lack Of Subject Matter Jurisdiction

    On January 30, 2008, plaintiff Barton, Klugman & Oetting LLP filed a complaint against defendants Gateway Management Services, Ltd. and Does 1 through 10 ("Gateway") in Los Angeles Superior Court. Plaintiff's complaint alleges claims for breach of contract and account stated. Gateway, the removing defendant, alleges that it received a copy of the complaint on March 17, 2008. On April 15, 2008, it removed the action to this court.

    Gateway alleges that the amount in controversy exceeds $75,000, and that the court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Specifically, it asserts that it is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina. Gateway alleges that plaintiff is a California limited liability partnership with its principle place of business in Los Angeles. Gateway makes no allegations regarding the citizenship of plaintiff's partners, however.

### I.     Discussion

    "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).
    Federal courts have subject matter jurisdiction over suits between citizens of different states where the matter in controversy exceeds the sum or value of $ 75,000. 28 U.S.C. § 1332(a). "Section 1332

requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Furthermore, the citizenship of all defendants, whether or not they have been served with the complaint, determines whether complete diversity exists. See *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (stating that the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service); accord *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal.").

For diversity purposes, a partnership is treated as a citizen of each state in which any partners or members are citizens. See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987). Here, the Notice of Removal alleges that "plaintiff is a California Limited Liability Partnership organized and existing under the laws of the State of California, with its principal place of business in the City of Los Angeles, California."[1] The Notice of Removal, however, does not allege the citizenship of any of the individual partners of Barton, Krugman & Oetting LLP. As a result, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and defendants.

Accordingly, the court directs the removing defendant to show cause, on or before **June 2, 2008**, why it should not remand the action to state court for lack of subject matter jurisdiction. Defendant must demonstrate that there is complete diversity between all of plaintiff's partners and defendant.

---

[1] Notice of Removal, p.2, ¶ 5.